UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                    Case No.: 8:13-bk-01017-CPM

John Salov                                                                          Chapter 7

      Debtor.
_____/

SHARI S. JANSEN, as Chapter 7 Trustee
for the bankruptcy estate of John Salov,

Plaintiff,

v.                                                                                         Adv. No.: 8:13-ap-00292-CPM

OAKVILLE TOWER HOLDINGS, LLC, a
Florida limited liability company,
RICHLAND TOWER-CHARLESTON, LLC,
a Florida limited liability Company, WP
STATIONS, LLC, a Florida limited liability
company, and LARRY S. HYMAN, as Receiver
of the membership interests in Digital TV of
Orlando, LLC and Charleston DTV, LLC,

Defendants.
_____/

## AMENDED COMPLAINT FOR DECLARATORY RELIEF AND TURNOVER

Plaintiff, SHARI S. JANSEN, as Chapter 7 Trustee for the bankruptcy estate of John Salov ("Trustee"), sues the Defendants, OAKVILLE TOWER HOLDINGS, LLC, a Florida limited liability company, RICHLAND TOWER-CHARLESTON, LLC, a Florida limited liability Company, WP STATIONS, LLC, a Florida limited liability company, and LARRY S. HYMAN, as Receiver of the membership interests in Digital TV of Orlando, LLC and Charleston DTV, LLC, and alleges:

## PARTIES JURISDICTION AND VENUE

1. This is an action for Declaratory Relief pursuant to 28 U.S.C. Section 2201 and for turnover pursuant to 11 U.S.C. Section 543.

2. This Court has jurisdiction of this adversary proceeding under 11 U.S.C. §§105 and 543 and 28 U.S.C. §§1334(b) and (e) and 157. This adversary proceeding is a core proceeding, under 28 U.S.C. §157 (b)(2)(A), (E), and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

4. John Salov ("Salov" or "Debtor") filed a voluntary petition for relief under Chapter 7 (the "Bankruptcy Case") on January 28, 2013 (the "Petition Date"). This adversary proceeding arises under and relates to the Debtor's Bankruptcy Case.

5. Plaintiff, Shari S. Jansen ("Plaintiff" or "Trustee"), was appointed as Chapter 7 Trustee of the Debtor's bankruptcy estate.

6. Defendant, Oakville Tower Holdings, LLC ("Oakville"), is a Florida limited liability company.

7. Defendant, Richland Tower-Charleston, LLC ("Richland"), is a Florida limited liability company.

8. Defendant, WP Stations, LLC is a Florida limited liability company.

9. Defendant, Larry S. Hyman, is the Receiver of the Debtor's membership interests in Digital TV of Orlando, LLC and Charleston DTV, LLC ("Receiver").

10. On the Petition Date, the Debtor was the sole manager and member of Digital TV of Orlando, LLC and Charleston DTV, LLC (the "Operating LLC Entities").

11. On the Petition Date, each of the Operating LLC Entities was the owner of a FCC broadcast station license, as set forth below:

| Licensee | City | FCC Facility ID | Type of License |
|---|---|---|---|
| Digital TV of Orlando, LLC | Orlando, FL | 10521 | Class A television |
| Charleston DTV, LLC | Charleston, SC | 10548 | Low Power television |

12. On the petition date, the Debtor's equity interest in each of the Operating LLC Entities became property of the Debtor's estate, pursuant to 11 U.S.C. Section 541.

13. Prior to the filing of the Debtor's petition, on or about November, 2007, Digital TV of Orlando, LLC, as tenant, entered into a 15-year lease (the "Orlando Lease") with Oakville, as landlord, for the lease of certain tower and studio space. The Debtor personally guaranteed the Orlando Lease. To secure the obligations under the Orlando Lease, the Debtor pledged his membership interest in Digital TV of Orlando, LLC to Oakville (the "Orlando Pledge Agreement"), and Digital TV of Orlando, LLC granted Oakville a security interest in substantially all its personal property (the "Orlando Security Agreement"). True copies of the Orlando Pledge Agreement, and Orlando Security Agreement are attached hereto as Exhibits "A" and "B," respectively.

14. Prior to the filing of the Debtor's petition, on or about January 24, 2008, Charleston DTV, LLC, as tenant, entered into a 15-year Lease (the "Charleston Lease") with Richland, as landlord, for the lease of certain tower and studio space. The Debtor personally guaranteed the Charleston Lease. To secure the obligations under the Charleston Lease, the Debtor pledged his membership interest in Charleston DTV, LLC to Richland (the "Charleston Pledge Agreement"), and Charleston DTV, LLC granted Richland a security interest in

substantially all its personal property (the "Charleston Security Agreement"). True copies of the Charleston Pledge Agreement and Charleston Security Agreement are attached hereto as Exhibits "C" and "D," respectively.

15. On or about May, 2011, Oakville filed an action (the "Orlando Action") in the Circuit Court for Hillsborough County, Florida, seeking damages against the Debtor and Digital TV of Orlando, LLC (including approximately $130,000.00 in past due rent and $720,000.00 in future rent) for breach of the Orlando Lease, seeking to foreclose the Orlando Security Agreement, and seeking to foreclose the Orlando Pledge.

16. On or about May, 2011, Richland filed an action (the "Charleston Action") in the Circuit Court for Hillsborough County, Florida, seeking damages against the Debtor and Charleston DTV, LLC (including approximately $110,000.00 in past due rent and $675,500.00 in future rent) for breach of the Charleston Lease, seeking to foreclose the Charleston Security Agreement, and seeking to foreclose the Charleston Pledge.

17. The Orlando Action and Charleston Action were consolidated into a single action (the "State Court Action").

18. While both Charleston DTV, LLC and Digital TV of Orlando, LLC each own some tangible personal property, the primary asset of each of the Operating LLC Entities is their respective FCC broadcast licenses.

19. Under applicable FCC rules and regulations, and case law thereunder, a secured creditor of an FCC licensee can not foreclose on a FCC license. Similarly, a judgment creditor of a FCC licensee can not execute on a FCC license. Instead, the procedure for a secured creditor or a judgment creditor to realize the value of a debtor's FCC license is to have a receiver

28827028_1.DOC                                    4

appointed over the membership interests in the licensee entity and voluntarily transfer or sell the FCC license to a purchaser (subject to FCC approval).

20. Prior to the Debtor's bankruptcy filing on August 4, 2011, Richland and Oakville filed Plaintiff's Verified Motion to Appoint Receiver in the State Court Action (the "Receiver Motion"). A true copy of the Receiver Motion is attached hereto as Exhibit "E."

21. On September 8, 2011, an Amended Agreed Order on Plaintiff's Verified Motion to Appoint Receiver was entered in the State Court Action (the "First Receiver Order"). A true copy of the First Receiver Order is attached hereto as Exhibit "F."

22. On July 7, 2012, Oakville and Richland each filed a Motion for Order Transferring Ownership of Assets to Receiver (the "Ownership Motions") in the state Court Action. True copies of the Ownership Motions are attached hereto as Composite Exhibit "G."

23. On August 22, 2012, the Court in the State Court Action entered orders (the "Ownership Orders") granting the Ownership Motions, and transferring 100% interest and control of the Debtor's membership interests in each of the Operating LLC Entities to the Receiver. True copies of the Ownership Orders are attached hereto as Exhibit "H."

24. Subsequently, on September 7, 2012, the Court entered orders (the "Sale Orders") authorizing the Receiver to sell the FCC licenses of the Operating LLC Entities. True copies of the Sale Orders are attached hereto as Exhibit "I."

25. Subsequent to the entry of the Ownership Orders, and consistent with his appointment as receiver of the Debtor's membership interests in Charleston DTV, LLC and Digital TV of Orlando, LLC, the Receiver filed with the FCC a form FCC 316 for each entity, in which he sought FCC consent to an involuntary transfer of the Debtor's 100% ownership interest in each entity to himself, as receiver. The Receiver also filed a form FCC 323 Ownership Report

for Digital TV of Orlando, LLC, which reflects the Receiver owns 100% of the membership interests in Digital TV of Orlando, LLC. True copies of the FCC 316 and FCC 323 forms are attached hereto as composite Exhibit "J".

26. Pursuant to the Sale Orders, the Receiver published a single notice of sale (the "Notice of Sale"). A true copy of the Notice of Sale is attached hereto as Exhibit "K."

27. The Notice of Sale was misleading, in that: (a) the form of notice implies that the sale is an article 9 sale by a secured creditor rather than a receiver's sale by the receiver of membership interests; (b) it is unclear whether the assets of Charleston DTV, LLC and Digital TV of Orlando, LLC were to be sold separately or as a lot, and whether the credit bid of the secured creditor was to be the total of both judgments.

28. Upon the filing of the Debtor's Chapter 7 case on the Petition Date, the Debtor's membership interests in the Operating LLC Entities became property of the estate, and the Receiver, was obligated to turnover to the Trustee the Debtor's membership interests in Charleston DTV, LLC and Digital TV of Orlando, LLC pursuant to 11 U.S. C. Section 543.

29. Instead, Oakville and Richland filed their Emergency Motion for Order Confirming that Automatic Stay is Not in Effect (Doc.6) (the "Stay Motion"). The Stay Motion is confusing and misleading in that it implies that Receiver was appointed as Receiver of the assets of Charleston DTV, LLC and Digital TV of Orlando, LLC to enforce the security agreements and/or conduct a UCC Sale of the assets of these entities. The Stay Motion does not accurately inform the Court that the scheduled Receiver's sale is in fact being conducted by the Receiver in his capacity as receiver for the Debtor's membership interests.

30. Based upon the incomplete and misleading information provided to the Court, an Order Granting Emergency Motion for Order Confirming that Automatic Stay is Not in Effect

was entered (without hearing) (Doc. 8) (the "Stay Order") allowing the sale to proceed. The Stay Order is without prejudice to the rights of the Trustee to subsequently challenge the sale.

31. The Receiver's sale was conducted on January 31, 2013. The Receiver's sale was commercially unreasonable and was tailored to insure that Oakville and Richland would receive a windfall. The Receiver did not attempt to employ an FCC license broker or otherwise reach the limited pool of FCC license purchasers. Instead, advertisements were placed in the legal sections of three local newspapers (Orlando Sentinel, The Free Press and The Post and Courier). A true copy of the Receiver's notice of Filing Auction Results for Auction Held January 31, 2013 is attached hereto as Exhibit "L." True copies of the Receiver's Bills of Sale are attached hereto as Composite Exhibit "M."

32. The terms of the sale established by the Receiver (at the insistence of Oakville and Richland) were also commercially unreasonable. Specifically, because the transfer of a FCC license is always subject to FCC approval, the custom and standard in the industry is for the purchase price (which is often millions of dollars) to be held in escrow pending FCC approval of the transfer. In fact, OTA made an offer to purchase the license and assets of Digital TV of Orlando, LLC for $1,700,000.00, which the Receiver would not entertain, insisting that the terms of sale would require the entire purchase price to be paid in cash prior to FCC consent to the transfer.

33. The net result of the misleading sale notice, inadequate marketing, and commercially unreasonable terms of sale was exactly as intended: no bidders attended the sale and the FCC licenses of Charleston DTV, LLC and Digital TV of Orlando, LLC were sold to Oakville and Richland for a credit bid of $10.00 each. Considering the fact that the Receiver had received an offer for $1.7 million for the license and assets of Digital TV of Orlando, LLC, and

had obtained an additional judgment for approximately $160,000.00 in equipment that was allegedly purchased in 2012 to allow the Receiver to operate the Orlando station to preserve its value, the purchase price received by the Receiver is patently unreasonable.  In addition, there was no legal basis for Oakville and Richland to "credit bid" at the sale.  The sale was not an Article 9 sale, an execution sale, nor a foreclosure sale, and the Sale Orders do not provide for the right to credit bid.

34. The Receiver, in his capacity as receiver for the Debtor's membership interests in Charleston DTV, LLC and Digital TV of Orlando, LLC, has now filed forms FCC 345 and FCC 314 with the FCC to approve the Receiver's voluntary transfer of the FCC licenses of Charleston DTV, LLC and Digital TV of Orlando, LLC to WP Stations, LLC, an affiliate and the assignee of the credit bids of Richland and Oakland.  True copies of the FCC 345 and FCC 314 forms are attached hereto as Composite Exhibit "N."

35. While the Court correctly concluded, based upon the incomplete information provided in the Stay Motion, that the automatic stay would not apply to a sale by a secured creditor or judgment creditor of the assets of Charleston DTV, LLC and Digital TV of Orlando, LLC—the fact is that the Receiver's sale in this case was conducted by the Receiver in his capacity as the Receiver of the Debtor's membership interests in Charleston DTV, LLC and Digital TV of Orlando, LLC.

36. The FCC licenses of Charleston DTV, LLC and Digital TV of Orlando, LLC are believed to have value far in excess of the asserted claims of Oakville and Richland.

## COUNT I  DECLARATORY RELIEF

37. This is an action for declaratory relief pursuant to 28 U.S. C. Section 2201.

38. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 36 as if fully set forth herein.

39. The Trustee seeks a declaration that: (a) the Debtor's membership interests in Charleston DTV, LLC and Digital TV of Orlando, LLC are property of the Debtor's estate, and are subject to turnover to the Trustee pursuant to 11 U.S.C. Section 543; (b) all actions taken by the Receiver in his capacity as Receiver of the Debtor's membership interests in Digital TV of Orlando, LLC and Charleston DTV, LLC after the Petition Date, including but not limited to the Receiver's sale of the FCC licenses of Charleston DTV, LLC and Digital TV of Orlando, LLC and seeking FCC Consent to transfer same, are violations of the automatic stay and thus void; and (c) Richland and Oakville did not have he right to credit bid at the sale.

40. There is a present controversy between the Trustee, Oakville, Richland, the Receiver, and WP Stations, LLC concerning the Receiver's sale and attempt to transfer the FCC licenses of Digital TV of Orlando, LLC and Charleston DTV, LLC and whether such actions violated the automatic stay.

WHEREFORE, the Trustee seeks the entry of a judgment against Richland, Oakville, the Receiver, and WP Stations, LLC, declaring that: (a) the Debtor's membership interests in Charleston DTV, LLC and Digital TV of Orlando, LLC are property of the Debtor's estate, and are subject to turnover to the Trustee pursuant to 11 U.S.C. Section 543; (b) that all actions taken by the Receiver in his capacity as receiver of the Debtor's membership interests in Digital TV of Orlando, LLC and Charleston DTV, LLC after the Petition Date, including but not limited to the Receiver's purported sale of the FCC licenses of Charleston DTV, LLC and Digital TV of Orlando, LLC, and all actions taken to effectuate the purported sales, constitute violations of the

automatic stay and are void *ab initio*; and (c) Richland and Oakville did not have the right to credit bid at the sale.

## COUNT II  TURNOVER

41. This is an action for declaratory relief pursuant to 28 U.S. C. Section 2201.

42. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 32 as if fully set forth herein.

43. Pursuant to 11 U.S. C. Section 543, the Receiver is obligated to turnover to the Trustee the Debtor's membership interests in Charleston DTV, LLC and Digital TV of Orlando, LLC.

WHEREFORE, the Trustee seeks the entry of a judgment against the Receiver directing the Receiver to turnover to the Trustee the Debtor's membership interests in Charleston DTV, LLC and Digital TV of Orlando, LLC.

Dated: May 17, 2013.

        _/s/ *Lynn Welter Sherman*_____
        Lynn Welter Sherman
        Florida Bar No. 375616
        Tiffany A. DiIorio
        Florida Bar No. 0719706
        ADAMS AND REESE LLP
        101 E. Kennedy Blvd.
        Suite 4000
        Tampa, Florida  33602
        Telephone:   (813) 402-2880
        Facsimile:    (813) 402-2887
        E-Mail:       lynn.sherman@arlaw.com
                       tiffany.diiorio@arlaw.com
        Attorneys for Trustee