## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

OAKVILLE TOWER HOLDINGS, LLC,
a Florida limited liability company,

    Plaintiff,

v.

DIGITAL TV OF ORLANDO, LLC, a
Florida limited liability company, and JOHN
M. SALOV, an individual,

    Defendants.
_____/

Case No.: 11-006543
consolidated with
Case No.: 11-006545

RICHLAND TOWER - CHARLESTON,
LLC, a Florida limited liability company,

    Plaintiff,

v.

CHARLESTON DTV, LLC, a South
Carolina limited liability company, and
JOHN M. SALOV, an individual,

    Defendants.
_____/

### AMENDED AGREED ORDER ON PLAINTIFFS' VERIFIED MOTION TO APPOINT RECEIVER

THIS CAUSE came before the Court on September 1, 2011, on Plaintiff Oakville Tower Holdings, LLC's and Plaintiff Richland Tower – Charleston, LLC's Emergency Motion to Compel Compliance with Order Appointing Receiver. The Court, after having reviewed the record, having heard argument of counsel, having heard sworn testimony from Receiver Larry Hyman and from Defendant John M. Salov, and the Court otherwise being fully advised in the premises, hereby **FINDS** that this Amended Agreed Order On Plaintiffs' Verified Motion to

1



Appoint Receiver shall be entered, and replace the Court's prior Agreed Order On Plaintiffs' Verified Motion To Appoint Receiver, dated August 16, 2011.

**It is therefore ORDERED and ADJUDGED as follows:**

1. Plaintiffs' Verified Motion to Appoint a Receiver is **GRANTED IN PART**.

2. This Court has jurisdiction over Defendants John M. Salov, Digital TV of Orlando, LLC, and Charleston DTV, LLC.

3. *Appointment*. Larry S. Hyman ("Receiver") is hereby appointed Receiver of all the property and property rights encumbered by the Security Agreements, as more particularly described in Exhibits A, B and C, attached hereto (hereinafter, the "Collateral"), with all of the powers, duties and responsibilities set forth herein.

4. *Preservation of Collateral*. All Defendants are, until further order of this Court, hereby restrained enjoined and prohibited from taking, damaging, or otherwise disposing of any and all Collateral encumbered by the Security Agreements, and Defendants are ordered to take all necessary measures to protect and preserve all such Collateral.

5. *Oath*. The Receiver shall promptly file his Oath of Receiver with the Court whereby he shall undertake and agree to fully and truthfully perform his duties as Receiver in this action.

6. *Receiver's Duties and Powers*. Receiver shall immediately take an inventory and make an accounting of all of the Collateral and all interests embodying all rights to the Collateral, including all books and records and other documents (including computer and electronic records) related to the Collateral and management of the Collateral.

7. ***Defendants' Duties and Obligations.***

    a. Defendants and the servants, agents and employees of each of them are hereby ordered and directed to fully and immediately cooperate with the Receiver in order that he can immediately fulfill his duties set forth above, and are restrained and enjoined from interfering in any manner with the Receiver's duties as set forth in this Order.

    b. On September 12, 2011, Defendants' duly authorized representative shall accompany Receiver and provide him with complete access to all locations in Orlando, Florida where equipment listed on Exhibit C is located so the Receiver may inspect and inventory the equipment.

    c. Defendants shall provide Receiver with consolidated financial statements by September 12, 2011.

    d. Defendants shall provide all other documents, which comprise the books and records (including computer and electronic records) related to the Collateral and management of the Collateral held by each Defendant, so that the Receiver shall be able to complete and file his report as per the deadline set forth in paragraph 10, below.

    e. Defendants John M. Salov and Digital TV of Orlando, LLC must, within forty-five (45) days from the date of this order, pay Oakville Tower Holdings, LLC $131,618.94.

    f. Defendants John M. Salov and Charleston DTV, LLC must, within forty-five (45) days from the date of this order, pay Oakville Tower Holdings, LLC $110,361.28.

8.   *Additional Orders*.   If Defendants make the payments set forth in paragraphs 7 (b) and 7 (c), above, the Receivership shall terminate. If Defendants fail to make the payments set forth in paragraphs 7 (b) and 7 (c), above, all parties agree that the Court has their consent to immediately enter such further Orders as may be necessary for the Receiver to immediately take control and possession of all of the Collateral and all interests embodying all rights to the Collateral, including without limitation (a) all cash on hand, (b) all funds in any bank accounts containing or representing rents or monies generated by the Property, and (c) all books and records and other documents (including computer and electronic records) related to the Collateral and management of the Collateral, and to liquidate all Collateral necessary to fulfill Defendants' secured obligations, as set forth in the Complaints on file in this consolidated matter. Defendants agree to cooperate fully with the Receiver to allow him to immediately fulfill all such duties and powers set forth in any such Orders.

9.   *Authority of Receiver*.   The Receiver is hereby granted all of the usual, necessary, and incidental powers of receivers for the purposes of carrying out his duties set forth herein, including the power and authority to collect a reasonable fee for the time expended and services rendered in connection with this receivership at the rate of $95 - $325 per hour and reasonable out-of-pocket expenses for court appearances, litigation support, necessary travel expenses and other extraordinary services beyond those of managing and operating the Collateral and preparing monthly receiver reports. The Receiver may retain his company to perform services under his supervision and control under this Order but in no event shall the charge for such services exceed the fee provided for in this paragraph. The Receiver shall file a statement of such services in reasonable detail with the monthly receiver reports required herein. The Receiver shall deliver a copy of such statement for services to the counsel of record for each

party. If an objection is filed, payment shall be made only upon order of the Court after notice to all parties.

10. **_Inventory and Monthly Reports_.** Not later than September 16, 2011, Receiver shall prepare and file with this Court, under oath, as provided by Rule 1.620 of the Florida Rules of Civil Procedure, a true and complete inventory and an accounting of all Collateral. The Receiver is directed to serve a copy of all reports to the attorneys of record for the parties herein.

11. **_Counsel_.** Upon application to and approval of the Court, Receiver is hereby empowered to employ his own legal counsel to furnish legal advice and legal action to the Receiver for any purposes as may be necessary during the period of Receivership.

12. **_Bond_.** At this time, due to the limited powers granted herein to the Receiver, neither the Receiver nor Plaintiffs are required to post a bond.

13. The Court retains jurisdiction to enter any further orders which shall be necessary to carry the terms and conditions of this Order into effect.

DONE AND ORDERED in chambers in Tampa, Hillsborough County, Florida this _____ day of September, 2011.

**ORIGINAL SIGNED**

_____
Honorable Michelle Sisco     SEP 0 8 2011
Circuit Court Judge     **MICHELLE SISCO**
                        **CIRCUIT JUDGE**

Conformed copies to:

William J. Judge, Jr., Esq.
C. Todd Marks, Esq.