IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

OAKVILLE TOWER HOLDINGS, LLC,
a Florida limited liability company,

    Plaintiff,

v.

DIGITAL TV OF ORLANDO, LLC, a
Florida limited liability company, and JOHN
M. SALOV, an individual,

    Defendants.
_____/

Case No.: 11-006543
consolidated with
Case No.: 11-006545

RICHLAND TOWER - CHARLESTON,
LLC, a Florida limited liability company,

    Plaintiff,

v.

CHARLESTON DTV, LLC, a South
Carolina limited liability company, and
JOHN M. SALOV, an individual,

    Defendants.
_____/

**ORDER DIRECTING RECEIVER TO SELL
COLLATERAL TO SATISFY JUDGMENT**

THIS MATTER came before the Court for hearing on September 7, 2012 on Plaintiff Oakville Tower Holdings, LLC's Motion for Order Transferring Ownership of Assets to Receiver (the "**Motion**"). This Court, having reviewed the Motion and the record, having heard argument of the Parties, and being otherwise fully advised in the premises, it is hereby

    **ORDERED and ADJUDGED** as follows:

1. The Motion is hereby **GRANTED**.



2. Pursuant to a prior Order of the Court, all control and 100% interest in Digital TV of Orlando, LLC was previously transferred to the Receiver pursuant to the approval of the FCC.

3. The Receiver is hereby empowered and ordered to do the following:

   a. To take all actions necessary to protect and preserve the FCC License for TV station WHDO-CA ("License").

   b. To take all actions necessary to defend the transfer of the FCC License to his control.

   c. To take all actions to the extent reasonably possible to maintain and maximize the value of the License.

   d. To take all actions to the extent reasonably possible to insure that all FCC requirements for the maintenance and future renewal of the License are complied with, including, but not limited to, taking all actions reasonably necessary to materially comply with all provisions of the Communications Act of 1934, as amended, and the Rules and Regulations of the FCC.

   e. To take all actions to the extent reasonably possible to protect and preserve all Collateral and Pledged Assets, as referenced in the most recent Complaint on file in this matter and in the Motion.

4. Once the Receiver determines that the value of the FCC License has been maximized, he is ordered to sell the License at a public sale in a commercially reasonable manner.

5. All proceeds from the sale of the License shall first be used to satisfy the amount of Plaintiff's Judgment at the time of the sale. The sale of the License will be subject to FCC approval.

6. Defendant John Salov is hereby ordered to cooperate with the transfer of control and ownership of Digital TV of Orlando, LLC to the Receiver; to cooperate with the transfer of the FCC License to the Receiver; to cooperate in supplying all information necessary for application to the FCC and prosecution of the application for renewal of the FCC License; to cooperate with the sale of the FCC License by the Receiver; and to take all actions and file all documents necessary to effectuate the License transfer and sale.

7. The Receiver has requested permission to retain counsel, which has been granted by the Court.

8. The Court reserves jurisdiction to determine additional amounts owed by Defendants Digital TV of Orlando, LLC and John M. Salov and recoverable by Plaintiff (particularly with respect to attorneys' fees and costs), to enter additional judgments against Defendants in those amounts, to enter additional orders as may be necessary for Plaintiff to take possession of and/or dispose of the Collateral and Pledged Assets in order to satisfy Plaintiff's Judgment, and for such further relief as this Court deems just and proper.

DONE and ORDERED in Chambers in Hillsborough County, Florida on this _____ day of _____, 2012.

ORIGINAL SIGNED
SEP 07 2012
MICHELLE SISCO
CIRCUIT COURT JUDGE

Conformed copies to:

William J. Judge, Esq.
Lori V. Vaughan, Esq. and Andrew R. Lincoln, Esq.
John M. Salov, 180 W. Michigan Avenue, Jackson, MI 49201
Larry S. Hyman, 106 S. Tampania Avenue, Ste. 200, Tampa, FL 33609

3389081v1

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

OAKVILLE TOWER HOLDINGS, LLC,
a Florida limited liability company,

    Plaintiff,

v.

DIGITAL TV OF ORLANDO, LLC, a
Florida limited liability company, and JOHN
M. SALOV, an individual,

    Defendants.
_____/

Case No.: 11-006543
consolidated with
Case No.: 11-006545

RICHLAND TOWER - CHARLESTON,
LLC, a Florida limited liability company,

    Plaintiff,

v.

CHARLESTON DTV, LLC, a South
Carolina limited liability company, and
JOHN M. SALOV, an individual,

    Defendants.
_____/

### ORDER DIRECTING RECEIVER TO SELL
### COLLATERAL TO SATISFY JUDGMENT

THIS MATTER came before the Court for hearing on September 7, 2012 on Plaintiff Richland Tower – Charleston, LLC's Motion for Order Transferring Ownership of Assets to Receiver (the "**Motion**"). This Court, having reviewed the Motion and the record, having heard argument of the Parties, and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** as follows:

1. The Motion is hereby **GRANTED.**

2. Pursuant to a prior Order of the Court, all control and 100% interest in Charleston DTV, LLC was previously transferred to the Receiver pursuant to the approval of the FCC.

3. The Receiver is hereby empowered and ordered to do the following:

   a. To take all actions necessary to protect and preserve the FCC License for TV station WHDC-LP ("License").

   b. To take all actions necessary to defend the transfer of the FCC License to his control.

   c. To take all actions to the extent reasonably possible to maintain and maximize the value of the License.

   d. To take all actions to the extent reasonably possible to insure that all FCC requirements for the maintenance and future renewal of the License are complied with, including, but not limited to, taking all actions reasonably necessary to materially comply with all provisions of the Communications Act of 1934, as amended, and the Rules and Regulations of the FCC.

   e. To take all actions to the extent reasonably possible to protect and preserve all Collateral and Pledged Assets, as referenced in the most recent Complaint on file in this matter and in the Motion.

4. Once the Receiver determines that the value of the FCC License has been maximized, he is ordered to sell the License at a public sale in a commercially reasonable manner.

5. All proceeds from the sale of the License shall first be used to satisfy the amount of Plaintiff's Judgment at the time of the sale. The sale of the License will be subject to FCC approval.

6. Defendant John Salov is hereby ordered to cooperate with the transfer of control and ownership of Charleston DTV, LLC to the Receiver; to cooperate with the transfer of the FCC License to the Receiver; to cooperate in supplying all information necessary for application to the FCC and prosecution of the application for renewal of the FCC License; to cooperate with the sale of the FCC License by the Receiver; and to take all actions and file all documents necessary to effectuate the License transfer and sale.

7. The Receiver has requested permission to retain counsel, which has been granted by the Court.

8. The Court reserves jurisdiction to determine additional amounts owed by Defendants Charleston DTV, LLC and John M. Salov and recoverable by Plaintiff (particularly with respect to attorneys' fees and costs), to enter additional judgments against Defendants in those amounts, to enter additional orders as may be necessary for Plaintiff to take possession of and/or dispose of the Collateral and Pledged Assets in order to satisfy Plaintiff's Judgment, and for such further relief as this Court deems just and proper.

DONE and ORDERED in Chambers in Hillsborough County, Florida on this _____ day of _____, 2012.

*ORIGINAL SIGNED*
*SEP 07 2012*
*MICHELLE SISCO*
*CIRCUIT JUDGE*

_____
MICHELLE SISCO
CIRCUIT COURT JUDGE

*ORIGINAL SIGNED*
*SEP 07 2012*
*MICHELLE SISCO*
*CIRCUIT JUDGE*

Conformed copies to:

William J. Judge, Esq.
Lori V. Vaughan, Esq. and Andrew R. Lincoln, Esq.
John M. Salov, 180 W. Michigan Avenue, Jackson, MI 49201
Larry S. Hyman, 106 S. Tampania Avenue, Ste. 200, Tampa, FL 33609

3388565v1